# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-340-APG-PAL |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO VACATE SENTENCE** |
| JOHNSTON BLACKHORSE, | (ECF No. 48) |
| Defendant. | |

Defendant Johnston Blackhorse moves to vacate or modify his sentence under 28 U.S.C. § 2255. He contends that his counsel botched his sentencing by failing to make certain challenges and conducting a more thorough investigation of the facts I used to sentence him, and by representing him despite a conflict of interest. Blackhorse waived his right to bring this challenge, but even if he had not, none of his arguments has merit. I thus deny his motion.

Blackhorse is foreclosed from challenging his sentence in the first place. He signed a plea agreement in which he waived his right to challenge his sentence.[1] The right to collaterally challenge a conviction or sentence is statutory, and a knowing and voluntary waiver of a statutory right is enforceable.[2]

But setting aside his express waiver, Blackhorse has not shown that he can surmount § 2255's procedural requirements. After a defendant exhausts his direct appeal, his ability to challenge his sentence under § 2255 is severely limited. Blackhorse must show that his sentence is unconstitutional—establishing that a mistake was made is not enough.[3] And none of

---

[1] ECF Nos. 24, 53.

[2] *United States v. Abarca*, 985 F.2d 1012, 1013–14 (9th Cir. 1993).

[3] *Hamilton v. United States,* 67 F.3d 761, 763 (9th Cir. 1995) (holding that a § 2255 challenge can be based only on claims of lack of jurisdiction, constitutional error, an error resulting in a "complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure").

Blackhorse's allegations about his sentencing rises to the level of a constitutional violation that would warrant a challenge under § 2255. The thrust of Blackhorse's argument is that his counsel should have investigated his background more and provided me with more information about his family, and that his counsel had some type of conflict of interest (what type he does not say).[4] These are relatively minor challenges that Blackhorse should have made on appeal, not the sort of constitutional violations that would allow Blackhorse to challenge his sentence under § 2255.[5]

But even if Blackhorse could surmount these hurdles, there is no merit to his argument that his counsel was ineffective. To prevail on a claim of ineffective assistance, Blackhorse must show both deficient performance and prejudice.[6] I "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance," and Blackhorse must show that his "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment."[7] "[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing

---

[4] ECF No. 48.

[5] *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994); *see also United States v. Donn*, 661 F.2d 820, 824 (9th Cir.1982).

[6] **Error! Main Document Only.***Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[7] **Error! Main Document Only.***Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal citations and quotations omitted).

counsel, and with the judge."[8]  "A reasonable tactical choice based on an adequate inquiry is immune from attack."[9]

Blackhorse's arguments fail on both the performance and prejudice prongs: he has not shown that his counsel was deficient, and he has not explained how any alleged deficiency prejudiced him.  Blackhorse first contends that his counsel should have challenged the fact that his presentence report described Blackhorse's family as "dysfunctional," and that this mistake resulted in Blackhorse receiving lifetime supervision.  But Blackhorse does not explain what specific information his counsel could have discovered, how this information would have mattered to his sentence, or how he was otherwise prejudiced by this alleged mistake.

Blackhorse next argues that his counsel had a conflict of interest because she represented Blackhorse while, at the same time, she also represented other defendants who attended Blackhorse's counseling groups.  Blackhorse fails to explain how counsel representing multiple members of the same counseling group could create a conflict of interest.  To the extent he is suggesting that his counsel was too busy because she had several clients, that does not allege a claim for ineffective assistance.  Blackhorse does not identify any specific deficiencies in his counsel's representation; nor does he explain how he was prejudiced by this alleged conflict.[10]

---

[8] **Error! Main Document Only.** *Id.* at 105.

[9] **Error! Main Document Only.** *Gerlaugh v. Stewart,* 129 F.3d 1027, 1033 (9th Cir. 1997); *see also United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1996).

[10] Blackhorse also briefly mentions that his counsel was ineffective for failing to offer other mitigating evidence during his sentencing, such as his family's testimony.  But he does not explain what specific evidence should have been offered or how that evidence would have impacted his sentence.

In sum, Blackhorse waived his right to challenge his sentence, he fails to allege a constitutional violation that would allow him to bring this challenge under § 2255, and in any event, there is no merit to his claims. I therefore deny his motion.[11]

To appeal this order, Blackhorse must receive a certificate of appealability from a circuit or district judge.[12] To obtain this certificate, Blackhorse "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[13] Given the authority holding that Blackhorse is barred from bringing his challenge, I deny his request for a certificate of appealability.

IT IS THEREFORE ORDERED that defendant's motion under 28 U.S.C. § 2255 **(ECF No. 48) is DENIED**.

IT IS FURTHER ORDERED that defendant's request for a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that defendant's request for appointed counsel is **DENIED.**

---

[11] Blackhorse requests an evidentiary hearing, but no hearing is needed when, as here, the petitioner's arguments are based on the facts in the record and there is no showing that counsel was ineffective. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir. 1981); *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). Blackhorse also requests that I appoint him counsel to assist him with his motion. Appointing counsel is a matter in my discretion, and I decline to do so given that Blackhorse was able to articulate his arguments and the issues are not complex. *See* 28 U.S.C. § 2255 (g); 18 U.S.C. 3006A(2)(B).

[12] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).

[13] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).

IT IS FURTHER ORDERED that defendant's request for an evidentiary hearing is **DENIED.**

DATED this 23rd day of May, 2017.

                                                    ANDREW P. GORDON
                                                    UNITED STATES DISTRICT JUDGE